IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MAXELL, LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:23-CV-108-RWS-JBB |
| TCL ELECTRONICS HOLDINGS LTD., (F/K/A TCL MULTIMEDIA TECHNOLOGY HOLDINGS, LTD.), ET AL., | § § § § § § | |
| Defendants. | § | |

# ORDER

Before the Court are Plaintiff's Objections (Docket No. 139) and Defendants' Objections (Docket No. 140) to the Report and Recommendation ("R&R") of the Magistrate Judge (Docket No. 135). Both sides have filed responses. Docket Nos. 144, 145. For the reasons set forth below, the objections (Docket Nos. 139, 140) are **OVERRULED,** and the R&R (Docket No. 135) is **ADOPTED** as the opinion of the Court.

## I. BACKGROUND

Plaintiff Maxell asserts Defendants directly and indirectly infringe U.S. Patent Nos. 7,924,366; 10,650,780; 10,375,341; 10,015,558; 10,219,020; and 10,321,206. Docket No. 16. Defendants moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts 2–5 of Plaintiff's Amended Complaint for Patent Infringement, arguing the asserted claims of the '558, '020, '341, and '780 Patents are ineligible under 35 U.S.C. § 101. Docket No. 37 at 6. Defendants further asserted that Plaintiff's claims for the '558 Patent are barred by prosecution history estoppel. *Id.* The Magistrate Judge entered an R&R recommending the denial of the motion to

dismiss, finding that the '558, '341, and '780 Patents were directed to an abstract idea, but determining that some questions of fact remained under *Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018) as to whether the combination of certain elements of the claims were well-understood, routine, and conventional. Docket No. 135 at 13–14, 19–20, 30–31. The Magistrate Judge then found the '020 Patent was not directed to an abstract idea, but to a technological solution. *Id.* at 24–25. Finally, the Magistrate Judge found it was too early to tell whether prosecution history estoppel applied to the '558 Patent. *Id.* at 10–11.

## II.     DISCUSSION

### A.     Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's findings that the representative claims of the '558, '780, and '341 Patents are abstract at *Alice* Step 1. Docket No. 139 at 2. Regarding the '558 Patent, Plaintiff first objects by arguing that the patent is not required to explain that "using fixed display times was a problem naturally arising in the field of smart televisions or otherwise due to a technical limitation of conventional smart televisions," as non-intrinsic evidence can also be considered for *Alice* Step 1. *Id.* Plaintiff additionally contends that the '558 Patent's section on background art already states that "the display time of the same type of notifications is fixed in relevant technologies." *Id.* at 2. While it is true that non-intrinsic evidence can be considered, Plaintiff's objection does not address the core issue raised in the R&R—that improving a user's experience is not directed to an improvement in computer functionality. Docket No. 135 at 13 (*citing Customedia Techs., L.L.C. v. Dish Network Corp.*, 951 F.3d 1359, 1365 (Fed. Cir. 2020)). Plaintiff then objects by also arguing that the '558 Patent is more analogous to the patent in the unpublished *Trading Technologies* than in *Intellectual Ventures*, on which the Magistrate Judge relies. Docket No. 135 at 12; *see generally Intell. Ventures I LLC v. Cap. One Bank (USA)*, 792 F.3d 1363 (Fed. Cir. 2015) (holding claims reciting a system for providing web pages tailored to

Page **2** of **7**

an individual user were directed to an abstract idea); *Trading Techs. Int'l, Inc. v. CQG, INC.*, 675 F. App'x 1001 (Fed. Cir. 2017) (holding patent eligible because its claims recite more than "setting, displaying, and selecting data or information that is visible on the graphical user interface device.") (citations omitted). *Intellectual Ventures* is more on point. The Court finds that the '558 Patent is directed to an abstract idea: adjusting the display durations of television notifications according to a user's level of interest.

As for the '780 Patent, Plaintiff argues that in finding the patent was directed to the abstract idea of "receiving compressed images and displaying them as a slideshow," the Magistrate Judge oversimplified the invention. Docket No. 139 at 3. After review, the Court agrees with the finding in the R&R that the '780 Patent combines USB and wireless transmission standards, but the combination is ultimately not directed to specific technological solutions. Docket No. 135 at 17–18. The passages cited by Plaintiff merely explain the independent values of both wireless and wired communication without addressing any problems, or solutions for that matter, that arise from combining both types of communication standards *in the same device*. *See* Docket No. 139 at 4.

Finally, Plaintiff raises three specific objections about the '341 Patent. *Id.* at 5–6. Plaintiff first contends the Magistrate Judge erred in finding the claimed solution is "for the display apparatus to send termination information to the user's device that selected initial content." *Id.* at 5. Rather, Plaintiff posits that the solution involves "changing video content on a display device based on identification commands received from a wireless device and sending termination commands back to the other wireless device so that content is not missed when multiple users are using different wireless devices to watch different video content on a display apparatus." *Id.* This statement, however, is not an element of the claim or a technical solution, but merely a combination of the purpose of the invention and the abstract idea discussed in the R&R. Second, Plaintiff objects

that because the claims clearly require viewing video content on a display apparatus, this means that the Magistrate Judge was incorrect that the claims do not entail casting video content to or from the wireless device. Docket No. 139 at 5–6. The Court is not persuaded by this argument because viewing video content on a display apparatus is different from casting video content to or from the wireless device. Third, Plaintiff objects to the Magistrate Judge's finding that "Maxell has not shown where the claims require the wireless device to view *anything*, other than possibly, a termination message." *Id.* at 6. The Court agrees with the Magistrate Judge's findings that the claims at issue, while requiring the display apparatus's communication unit to receive commands for changing a video content from wireless devices and to send termination information to the wireless information when the content is changed, do not necessarily require casting video content to or from the wireless devices. *See* Docket No. 135 at 28–29. The language presented by Defendants in their objections of a "first video content selected by the first wireless control device" and "a second video content transmitted from the second wireless control device" does nothing to require *casting* video content, but only *selecting* and *transmitting*. Docket No. 139 at 6.

B. **Defendants' Objections**

Defendants object to the R&R's analysis of the '780, '341, '558, and '020 Patents but focus their analysis on the '558 and '020 Patents. Docket No. 140 at 2. Accordingly, while the Court reviews the entirety of the R&R, this order will focus its discussions on Defendants' objections to the '558 and '020 Patents. Defendants have two objections concerning the '558 and '020 Patents: the Magistrate Judge erred in (1) requiring Defendants to establish as well-understood, routine, and conventional the same elements of the '558 Patent that constitute the abstract idea, and (2) finding that the '020 Patent was not directed at an abstract concept.

As for the '558 Patent, Defendants argue that the R&R improperly required the analysis of whether remaining claims are well-understood, routine, and conventional under *Alice* Step 2 for the same claims found to represent abstract ideas under *Alice* Step 1. Defendants functionally claim that because the entirety, or almost all of the '558 Patent was directed at an abstract idea under *Alice* Step 1, there is nothing left to analyze under *Alice* Step 2. *Id.* at 3. This is incorrect.[1] The R&R agreed that when looking at "the character of claim 1 as a whole," claim 1 was directed at an abstract idea, but noted Defendants failed to address, among other things, "the fact that the display notifications are adjusted by notification type in addition to user interest in its Step 2 analysis." Docket No. 135 at 12–13. Defendants' own objections reference the portion of the claims containing more than just the abstract idea. Docket No. 140 at 4 (referencing "notification type" and "user interests"). Though the R&R cites the Federal Circuit as having found similar claims directed to an abstract idea, those claims were only based on user preference—not on "notification type" and "user interest." Docket No. 135 at 12; *Intellectual Ventures*, 792 F.3d at 1369. Accordingly, the Court agrees with the Magistrate Judge that, even though claim 1 of the '558 Patent is directed to an abstract idea when viewed as a whole, there is at least a question of fact as to whether specific portions of the patent can survive *Alice* Step 2.

Defendants also contend that the R&R erred in finding that the '020 Patent was not directed to an abstract idea. Docket No. 140 at 4–6. To make this point, Defendants first claim that the '020 Patent "does not claim a *specific* way of *transferring* information," and, therefore, does not capture

---

[1] *See* Docket No. 37 at 13–16 (Maxell itself analyzes certain '558 Patent claim elements that it identifies as "not abstract" under *Alice* Step 2); *see also BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1289 (Fed. Cir. 2018) (citing *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 217) ("At step two, if claims are directed to a patent-ineligible concept, we consider the elements of each claim both individually and as an ordered combination to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application.").

a technological solution. Docket No. 140 at 4–5. The R&R, however, correctly cites where the specific and dependent claims set out specific ways to achieve the goals of the '020 Patent. Docket No. 135 at 24; *See* '020 Patent, 17:38–57, claims 4, 5, 14, 23. Defendants next disagree with the Magistrate Judge's interpretation of *Affinity Labs* and argues that case counsels that the '020 Patent is directed at an abstract idea. Docket No. 140 at 5. In *Affinity Labs*, the court found the patent at issue to be directed to "fundamental economic and conventional business practice" that was both "well-known and historically long-standing" before finding that the claims do no more than claiming the abstract idea itself to a wireless, cellular telephone device. *Affinity Labs of Tex., L.L.C. v. DIRECTV, L.L.C.*, 838 F.3d 1253, 1257 (Fed. Cir. 2016). While the *Affinity Labs* patent may have similarities to the '020 Patent, Defendants have failed to show that the claims here are directed at fundamental economic and conventional business practice that is both well-known and historically long-standing. Finally, Defendant draws the Court's attention to *TLI* and *Free Stream Media*. Docket No. 140 at 6. The Court agrees with the R&R's finding that Defendants fail to explain how the reasoning used to find the *TLI* patents ineligible applies to the '020 Patent.

As for the '780 and '341 Patents, the Court finds no grounds for departing with the R&R. Defendants' generalized objections to these patents are overruled.

### III.    CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the parties objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct, and the objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's Objections (Docket No. 139) and Defendants' Objections (Docket No. 140) are **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 135) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Defendants' Motion for Partial Dismissal (Docket No. 37) and Motion for Joinder thereto (Docket No. 49) are **DENIED**.

**So ORDERED and SIGNED this 31st day of March, 2025.**

*[signature: Robert W. Schroeder III]*

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE